**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

Dated: September 12 2011

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-33421 |
| | ) | |
| Susan J. Taber, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER REGARDING OBJECTION TO AMENDED EXEMPTION

This matter is before the court on the Chapter 7 Trustee's Objection to Amended Exemptions ("Objection") [Doc. # 114]. The Trustee objects to Debtor's claim of exemption in two inherited Individual Retirement Accounts ("IRAs").

Debtor originally claimed exemptions in the IRAs under Ohio Revised Code § 2329.66(A)(10)(b). [Doc. # 63, p. 13/49]. The Trustee objected to Debtor's claim of exemption [Doc. # 71] and filed a motion for turnover of the IRA funds [Doc. # 70]. The parties stipulated to the facts upon which the court was to rely in deciding the objection. [Doc. # 91]. However, after a hearing on the objection, but before the court's decision on the matter, Debtor filed an amended Schedule C claiming exemptions in the IRAs under 11 U.S.C. §§ 541(c)(2) and 522(b)(3) only. [Doc. # 112]. The court, therefore, denied as moot the Trustee's objection relating to exemptions under the Ohio Revised Code. [Doc. # 113].

The Trustee then filed the instant Objection relating to claimed exemptions under federal law. Thereafter, Debtor filed a second amended Schedule C, claiming exemptions in the IRAs under both Ohio

Revised Code 2329.66(A)(10)(b) and 11 U.S.C. §§ 541(c)(2) and 522(b)(3). [Doc. # 115]. The court held a hearing on the Objection at which the Trustee appeared in person. There was no appearance by, or on behalf of, Debtor. The Trustee agreed that the court should rely on the prior stipulated facts submitted by the parties in deciding the Objection.

## BACKGROUND

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 27, 2006. On July 30, 2010, the case was converted to a Chapter 7 case. On bankruptcy Schedule B filed after the case was converted, Debtor schedules two IRA accounts, one with Pacific Life Insurance Company and one with Franklin Templeton Fund. [Doc. # 63, p. 10/49]. In 2007, Debtor inherited the Pacific Life IRA, which is a variable annuity valued at $45,567 as of September 30, 2010, from her "significant other," Edward L. Eberle. [Doc. 3 91, ¶3]. Prior to his death, Eberle had transferred funds from his Ohio Public Employees Retirement System account to the Pacific Life account, trustee to trustee. Upon his death, the funds were transferred to Debtor and Eberle's two children. [*Id.* at ¶ 4-5]. The Franklin Templeton IRA was a contributory account that Eberle designated as a Beneficiary IRA with Debtor as the beneficiary. [*Id.* at ¶ 8]. This IRA was valued at $5,226.77 as of October 19, 2010; it came under the control of Debtor's broker in May 2008.

Debtor claims both IRAs as exempt under Ohio Revised Code § 2329.66(A)(10)(b) and 11 U.S.C. §§ 522(b)(3)(C) and 541(c)(2) on her second amended bankruptcy Schedule C. [Doc. # 115]. The Stipulated Facts, however, state that Debtor has claimed the IRAs as exempt under Ohio Revised Code 2329.66(A)(10)(c). [Doc. # 91, ¶ 10]. Because the court finds for the reasons discussed below that Debtor is entitled to exempt the IRAs under § 522(b)(3)(C), it does not address issues relating to the Ohio exemption.

## LAW AND ANALYSIS

In support of her Objection to Debtor's claim of exemption in the IRAs under § 541(c)(2) and § 522(b)(3)(C), the Trustee argues only that Ohio exemptions should apply, not federal exemptions. While the court agrees that § 541(c)(2) does not exempt or, more accurately, exclude the IRAs from property of the estate, the Trustee incorrectly argues that only Ohio exemptions may be asserted with respect to these assets.

**I. 11 U.S.C. § 541(c)(2)**

Under the Bankruptcy Code, an asset must first be property of the estate before it can be exempted from the estate. 11 U.S.C. § 522(b)(1) (specifying property that an individual "may exempt from property of the estate"). Section 541 defines property of the estate to generally include all legal or equitable interests of the debtor in property as of the commencement of the case or that the estate acquires after the commencement of the case. 11 U.S.C. § 541(a)(1) and (a)(7). Property of the estate includes property acquired by a Chapter 13 debtor before conversion to a Chapter 7 case. 11 U.S.C. § 1306(a)(1). Thus, unless specifically excepted, the IRAs at issue in this case that were acquired by Debtor during her Chapter 13 case are property of the bankruptcy estate.

The Bankruptcy Code generally provides that any restrictions on the transfer of the debtor's property are inoperative to prevent inclusion of the property in the bankruptcy estate. 11 U.S.C. § 541(c)(1). The one exception to this general rule is found in § 541(c)(2) which provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." Thus, under § 541(c)(2), a debtor's interest in such a trust is excluded from the bankruptcy estate. *Patterson v. Shumate*, 504 U.S. 753, 755 (1992). While Debtor erroneously set forth § 541(c)(2) as an exemption on Schedule C, the court construes such as asserting that the IRAs are excluded from the bankruptcy estate under this subsection.

The Sixth Circuit has set forth the following inquiry in determining the applicability of § 541(c)(2): "First, does the debtor have a beneficial interest in a trust? Second, is there a restriction on the transfer of that interest? Third, is the restriction enforceable under nonbankruptcy law?" *Taunt v. Gen. Ret. Sys. of Detroit (In re Wilcox)*, 233 F.3d 899, 904 (6th Cir. 2000). The debtor has the burden of demonstrating that each of these requirements have been met before the property in question can be excluded from the estate. *Rhiel v. Adams (In re Adams)*, 302 B.R. 535, 540 (B.A.P. 6th Cir. 2003).

In this case, the stipulated facts do not address, and Debtor has failed to offer any evidence to demonstrate, or legal argument that addresses, any of the requirements of § 541(c)(2). The Trustee's Objection will, therefore, be sustained to the extent it relates to Debtor's claim, as construed by the court, that the IRAs are excluded from property of the bankruptcy estate.

**II. 11 U.S.C. § 522(b)(3)(C)**

Section 522(b)(1) provides that "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." Paragraph

3

2 of that subsection precludes the use of the federal exemptions set forth in § 522(d) if "the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." 11 U.S.C. § 522(b)(2). In such cases, debtors are limited to exemptions of property listed in § 522(b)(3).

Under § 522(b)(3)(A), Ohio exemption law applies to Debtor as she has been domiciled in this state for more than 730 days preceding the date of the filing of her petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 30, SOFA question 15. As authorized by § 522(b)(2), the Ohio legislature has opted out of the federal bankruptcy exemptions as set forth in that subsection and that include property listed in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, Debtor is limited to claiming as exempt property listed in § 522(b)(3). Such property includes:

> (A) . . . any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition. . . .
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and
>
> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b)(3).

Debtor claims an exemption in the IRAs under § 522(b)(3)(C). While debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law, as it is in this case, are generally limited to exemptions provided under Ohio law, additional exemptions are provided under § 522(b)(3)(C), which was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, and § 522(b)(3)(B), notwithstanding the provisions and limitations of state law. *See In re Cutignola*, 450 B.R. 445, 448 (Bankr. S.D.N.Y. 2011); *In re Thiem*, 443 B.R. 832, 837 (Bankr. D. Ariz. 2011). Thus, although Ohio has opted out of the federal bankruptcy exemptions under § 522(b)(2) and (d), Debtor may still claim an exemption under § 522(b)(3)(C) in retirement funds if the requirements of that subsection apply.

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews*, 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). The only objection the Trustee has asserted to Debtor's claim of exemption under § 522(b)(3)(C) is that Debtor is limited to claiming exemptions under state law. For the reasons discussed above, the Trustee has not met her burden under Rule 4003(c). The court treats as abandoned and does not address other arguments relating to similarly claimed exemptions that have been

4

presented in other courts but have not been presented here.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Objection to Amended Exemptions [Doc. # 114] is **SUSTAINED** as to Debtor's claim of exemption under 11 U.S.C. § 541(c)(2) and **OVERRULED** as to Debtor's claim of exemption under 11 U.S.C. § 522(b)(3)(C).